JOHN S. CARROLL         649-0
345 Queen Street, Suite 607
Honolulu, Hawaii 96813
Telephone No.  (808) 526-9111

CHRISTOPHER A. DIAS    6265-0
Schutter Dias & Smith
810 Richards Street, Suite 810
Honolulu, Hawaii 96813
Telephone No.  (808) 524-4600

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUN 02 2008
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT ALLEN DAVIS,<br><br>    Plaintiff,<br><br>vs.<br><br>FIRST AMERICAN TITLE<br>INSURANCE COMPANY; DOE<br>DEFENDANTS 1-10,<br><br>    Defendants. | Civil No. CV08 00257 HG BMK<br>[Other Civil Action]<br><br>COMPLAINT; DEMAND FOR JURY<br>TRIAL; SUMMONS |

## COMPLAINT

COMES NOW PLAINTIFF ROBERT ALLEN DAVIS, by and through his undersigned counsel, and for causes of action against Defendants above-named, alleges and avers as follows:

1.   At all times material herein, Plaintiff Robert Allen Davis has been a resident of the City and County of Honolulu, State of Hawaii.

2.   Upon information and belief, at all times material herein, Defendant First American Title Insurance Company ("Defendant First American") has been a California domestic corporation conducting business in this judicial district.

3.   DOE DEFENDANTS 1 through 10 are PERSONS, CORPORATIONS, PARTNERSHIPS, JOINT VENTURES, GOVERNMENTAL ENTITIES, and/or OTHER ENTITIES and are sued herein under fictitious names for the reason that their true names and identities are unknown to the Plaintiff, except that they may be connected in some manner with Defendants and may be agents, servants, employees, employers, representatives, co-ventures, associates, or independent contractors of the Defendants and/or were in some manner presently unknown to Plaintiff engaged in the activities alleged herein and/or were in some manner responsible for the injuries

and damages to the Plaintiff and their true names, identities, capacities, activities and/or responsibilities are presently unknown to Plaintiff or his attorneys. Plaintiff prays for leave of this Court to amend this Complaint once the true names, identities, capacities, activities, and/or responsibilities of said DOE DEFENDANTS are ascertained.

4. A diversity of citizenship exists between Plaintiff and Defendants. Subject matter jurisdiction accordingly exists pursuant to 28 USC § 1332(a)(1).

5. Defendant First American conducts business in this juridical district, and all or a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Venue in this court is accordingly appropriate under 28 USC § 1391(a).

6. The Plaintiff divorced his wife Amy Davis in 2002. The "Separation Agreement" entered in Plaintiff's divorce proceeding set forth the material

terms of the divorce such as custody of children and division of assets. The Plaintiff and Mrs. Davis together owned real estate and improvements thereon situated at 94-243 Ihumoe Place, Mililani, Hawaii 96789 ("the Property"). One provision of the Separation Agreement was that Plaintiff would pay Mrs. Davis $30,000 in exchange for Mrs. Davis signing a quitclaim deed transferring her interest in the Property, whereupon title in the Property would be held by the Plaintiff alone.

7. Plaintiff retained Defendant First American to handle the transaction under which the quitclaim deed was to be properly recorded.

8. Mrs. Davis executed the quitclaim deed in February 2004. The original quitclaim deed was sent to Defendant First American for recordation. Defendant First American lost the executed quitclaim deed.

9. Mrs. Davis willingly executed another quitclaim deed in November 2004. This quitclaim deed, too, was sent to Defendant First American for

recordation. Defendant First American lost this second executed quitclaim deed as well.

10. As a direct and proximate result of the Defendant First American losing both quitclaim deeds, the Plaintiff was unable to obtain refinancing of his home mortgage, resulting in excess of $98,000.00 in increased mortgage expenses. As a further direct and proximate result of the negligence and fault of Defendant First American, Plaintiff suffered additional financial harm, stress, emotional distress, and other measures of general and special damages in amounts to be shown at trial and which exceed the minimum jurisdictional amounts of this court.

COUNT I: NEGLIGENCE

11. Plaintiff incorporates by reference and realleges as if set forth fully herein the allegations contained in paragraphs 1-10.

12. At all material times, Defendant First American owed to the Plaintiff a duty of reasonable care. Defendant First American breached said duty by

twice losing the quitclaim deed executed by his ex-wife, thereby precluding him from obtaining refinancing of his mortgage.

13. As a direct and proximate result of Defendant First American's negligence, Plaintiff has suffered the injuries and damages set forth in paragraph 10.

COUNT II: PUNITIVE DAMAGES

12. Plaintiff incorporates by reference and realleges as if set forth fully herein the allegations contained in paragraphs 1-12.

13. By engaging in the conduct alleged herein, Defendant First American acted wantonly, willfully, maliciously, with reckless disregard for civil obedience and was grossly negligent as implies a spirit of mischief, thereby justifying the imposition of punitive damages against Defendant First American.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

  A. Special and general damages in such amounts as are proven at the time of trial;

  B. For punitive damages in such amounts as the jury may award;

  C. Prejudgment interest from the date of the second document loss, costs incurred, and reasonable attorney's fees; and

  D. Such other and further relief as the court may deem just and proper.

  DATED: Honolulu, Hawaii, __27 May_____, 2008.

_____  
JOHN S. CARROLL  
CHRISTOPHER A. DIAS  
Attorneys for Plaintiff